**Anthony J. RUSCITO, Jacquelyn Tomassi, Robert K. Dubroff, Apellants,**

v.

**Ella T. GRASSO, Secretary of the State of Connecticut, Appellee.**

**No. 263, Docket 35305.**

United States Court of Appeals, Second Circuit.

Argued Dec. 2, 1970.

Decided Jan. 4, 1971.

Certiorari Denied April 5, 1971. See 91 S.Ct. 1254.

Edward F. Kunin, Bridgeport, Conn., for appellants.

Barney Lapp, Asst. Atty. Gen. (Robert K. Killian, Atty. Gen., State of Conn., Daniel R. Schaefer, Asst. Atty. Gen., of counsel), for appellee.

Before FRIENDLY, SMITH and AN-DERSON, Circuit Judges.

PER CURIAM:

The three plaintiffs in this case, Connecticut citizens and voters, requested the defendant Secretary of the State to permit them to place on all voting machines in the next state election (since passed—November 3) the following question:

The United States, unilaterally, should immediately withdraw all of its forces from Southeast Asia, South Vietnam, Laos, Cambodia and Thailand, whether or not a negotiated settlement is reached.

Since Connecticut law makes no provision in its election statutes for such a statewide initiative or referendum, the defendant refused the request. Plaintiffs sued in the District Court for the District of Connecticut (T. Emmet Clarie, Judge), requesting that a three-judge court be convened for the purpose of enjoining the "enforcement" of the Connecticut election laws, insofar as they fail to permit the holding of such advisory initiative measures.

The court found no substantial constitutional question raised, declined to convene a three-judge court, and dismissed the action for lack of jurisdiction. We affirm the judgment dismissing the action.

Plaintiffs attempt to bring this case within the rule of Williams v. Rhodes, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24, (1968) holding that state laws regulating the selection of electors must meet the requirements of the Equal Protection Clause. They fail, however, to demonstrate any relationship between the right of voters not to be unduly restricted in their choice of candidates for office and the expression of opinion sought here, authorized by no state or federal statute or constitutional provision. They have been unable to identify any federal constitutional right denied them here. The court plainly lacked jurisdiction and a single judge had the power and duty to dismiss the action. Green v. Board of Elections of City of New York, 380 F.2d 445 (2d Cir. 1967).

Judgment of dismissal affirmed.